**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYLVIANA CHANDRA; et al., | No. 09-71575 |
| Petitioners, | Agency Nos.  A088-558-608 |
| | A088-558-609 |
| v. | A088-558-610 |
| | A088-558-611 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:      CANBY, GRABER, and M. SMITH, Circuit Judges.

Sylviana Chandra and her family, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Chandra failed to establish that several of the incidents she experienced in Indonesia were on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009) (assailants' reference to petitioner's ethnicity did not compel the conclusion that ethnicity was a central motivating reason for the attack); *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (petitioner must establish mistreatment was targeted particularly toward her and occurred because of racial or religious animus). Further, substantial evidence supports the agency's determination that petitioners' remaining experiences did not amount to past persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1059-60. Substantial evidence also supports the agency's determination that, even as a member of a disfavored group, Chandra has not established a well-founded fear of persecution in Indonesia because she has not demonstrated sufficient individualized risk. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Singh*, 134 F.3d at 971.

Finally, petitioners fail to raise any substantive challenge to the denial of their CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**